UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YOUSSOUPH BOUNAMA FANE,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION CENTER,

Respondent.

No. 1:26-cv-07879-DAD-SCR

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO APPOINT COUNSEL AS MOOT

(Doc. Nos. 1, 2, 3)

On September 25, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order requesting his immediate release (Doc. No. 2) and a motion to appoint counsel (Doc. No. 3.)

On September 29, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In that same order, the court directed that in the event respondent opposed the court ruling on the underlying petition based on the current briefing

/////

before it, respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On October 1, 2026, respondent filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 7.) Therein, respondent argues that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) and that *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) does not control because petitioner was previously paroled into the United States. (*Id.* at 1.) However, respondent concedes that this case is not substantively distinguishable from those cited in the court's September 29, 2026 minute order (Doc. No. 5) and provides evidence that petitioner was previously paroled into the United States on December 4, 2023. (*Id.* at 2, 6.) In addition, respondent does not oppose the court ruling directly on the merits of the underlying petitioner. (*Id.*)

In light of petitioner's prior release from immigration detention on parole, petitioner was entitled to notice and pre-deprivation process prior to his re-detention, which were not provided in this case. *See Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) (finding that the petitioner's prior release on parole by immigration authorities created a liberty interest in his continued release). Accordingly, pursuant to the court's reasoning in *Rocha Chavarria*, the court finds that petitioner is entitled to both his immediate release and an injunction that he may not be re-detained absent notice and a pre-detention hearing before an immigration judge.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Youssouph Bounama Fane, A-File No. 241-401-320, from respondent's custody on the conditions, if any, he was subject to prior to his re-detention on June 7, 2025;

/////

/////

b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) and motion to appoint counsel (Doc. No 3) are DENIED as having been rendered moot by this order granting *habeas* relief;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **October 2, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE